**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **JAN 1 9 2011** ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

CHARTIS SPECIALTY INSURANCE
COMPANY (f/k/a AMERICAN
INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY),

        Plaintiff,

    vs.

DYMI REALTY CORPORATION, PARKWAY
REALTY ASSOCIATES, LLP, CRESTON2095,
LLC, CLAY1145, LLC, MAPLE3, LLC, AND
LEFFERTS750, LLC

        Defendants.

------------------------------------X

INDEX NO.:

**COMPLAINT FOR DAMAGES**

CV 11 - 0266

BLOCK, J.

J. ORENSTEIN, M.J.

Plaintiff, CHARTIS SPECIALTY INSURANCE COMPANY, formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, as and for its Complaint against defendants, alleges as follows:

**PARTIES**

1.    Plaintiff CHARTIS SPECIALTY INSURANCE COMPANY, formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY ("CHARTIS SPECIALTY") is, and at all times relevant hereto was, a corporation organized, existing, and licensed under the laws of the State of Delaware, with its principal place of business at 175 Water Street, New York, NY 10038. CHARTIS SPECIALTY is engaged in the business of insurance.

254445.2

2.     Defendant, DYMI REALTY CORPORATION (hereinafter, "DYMI"), is a corporation organized and existing under the laws of the state of New York, having its principal place of business in the State of New York at 2304 Nostrand Avenue, Brooklyn, New York.

3.     Defendant, PARKWAY REALTY ASSOCIATES, LLC (hereinafter, "PARKWAY"), is a domestic limited liability company organized and existing under the laws of the State of New York, having its principal place of business in the State of New York, at 1205 47th Street, Brooklyn, New York.

4.     Defendant, CRESTON2095, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York, having its principal place of business in the State of New York, at 5014 16th Avenue, Brooklyn, New York.

5.     Defendant, CLAY1145, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York, having its principal place of business in the State of New York, at 15 Mariner Way, Monsey, New York.

6.     Defendant, MAPLE3, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York, having its principal place of business in the State of New York, at 5014 16th Avenue, Brooklyn, New York.

7.     Defendant, LEFFERTS750, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York, having its principal place of business in the State of New York, at 5014 16th Avenue, Brooklyn, New York.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because the amount in controversy is greater than $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship among the parties.

9.    This Court has personal jurisdiction over the Defendants because the Defendants are all New York entities, reside in the Eastern District of New York, own substantial real property within the Eastern District of New York, transact substantial business within the Eastern District of New York, and because the damages herein complained of arose from acts or omissions committed by defendants within the Eastern District of New York. Moreover, the contract upon which relief is herein demanded was entered into and substantially performed within the Eastern District of New York.

10.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(a), because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district. In addition, all of the Defendants are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

11.   Defendant DYMI was at all times relevant to this action, an owner, operator and/or manager of residential rental properties located at 2095 Creston Avenue, Bronx, New York, 1145 Clay Avenue, Bronx, New York, 356 Maple Street, Brooklyn, New York, and 750 Lefferts Avenue, Brooklyn, New York.

13.   Defendant PARKWAY was at all times relevant to this action, an owner, operator and/or manager of residential rental properties located at 2095 Creston Avenue, Bronx, New York, 1145 Clay Avenue, Bronx, New York, 356 Maple Street, Brooklyn, New York, and 750 Lefferts Avenue, Brooklyn, New York.

14.   Defendant CRESTON2095, LLC, was at all times relevant to this action an owner, operator and/or manager of residential rental real estate located at 2095 Creston Avenue, Bronx, New York.

15.     Defendant CLAY1145, LLC, was at all times relevant to this action an owner, operator and/or manager of residential rental real estate located at 1145 Clay Avenue, Bronx, New York.

16.     Defendant MAPLE3, LLC, was at all times relevant to this action an owner, operator and/or manager of residential rental real estate located at 356 Maple Street, Brooklyn, New York.

17.     Defendant LEFFERTS750, LLC, was at all times relevant to this action an owner, operator and/or manager of residential rental real estate located at 750 Lefferts Avenue, Brooklyn, New York.

18.     Upon information and belief, Defendants DYMI and PARKWAY are the managing or sole members of the other named (LLC) defendants.

19.     On or before February 28, 2005, Defendants, DYMI and PARKWAY, through their designated broker, Program Brokerage Group, applied for Pollution Legal Liability Real Estate insurance coverage with CHARTIS SPECIALTY, which coverage was to extend to several residential rental properties, including, but not limited to, 2095 Creston Avenue, Bronx, New York, 1145 Clay Avenue, Bronx, New York, 356 Maple Street, Brooklyn, New York, and 750 Lefferts Avenue, Brooklyn, New York.

19.     Plaintiff CHARTIS SPECIALTY did issue to Defendants a Pollution Legal Liability Real Estate insurance policy, which policy was identified by policy number CRE 3775835, and had effect from February 28, 2005 through February 28, 2008 (hereinafter, the "Subject Insurance Policy").   Defendants DYMI, PARKWAY, CRESTON2095, LLC, CLAY1145, LLC, MAPLE3, LLC, and LEFFERTS750, LLC were all Named Insureds under the

Subject Insurance Policy.  A true and correct copy of the Subject Insurance Policy is attached hereto as **EXHIBIT A**.

20.      The Subject Insurance Policy, EXHIBIT A hereto, provides, in pertinent part, as follows:

(i) the insured is responsible for a twenty five thousand dollar ($25,000) deductible, applicable to each Loss. Ex. A, at Declarations, Item 4. The Subject Insurance Policy "is to pay covered Loss in excess of the Deductible." *Id.* at V., Limits of Coverage and Deductible, C., Deductible.

(ii) "Defense costs, charges, and expenses are included in Loss, reduce the applicable limit of liability, as described in Section V., and are included within the Deductible amount shown in Item 4 of the Declarations." Ex. A, at I., Insuring Agreements, B., Legal Expense and Defense.

(iii) "The Insured shall promptly reimburse the Company for advancing any element of Loss falling within the Deductible." Ex. A, at V., Limits of Coverage and Deductible, C., Deductible.

(iv) In Endorsement No. 5, under "Schedule of Insured Properties," 2095 Creston Avenue, Bronx, New York, 1145 Clay Avenue, Bronx, New York, 356 Maple Street, Brooklyn, New York, and 750 Lefferts Avenue, Brooklyn, New York, are all listed as covered properties.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS

## Re: CLAIMS OF MARIA RAMALES

21.     Plaintiff CHARTIS SPECIALTY repeats, realleges, and incorporates herein all of the preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

22.     Defendant CRESTON2095, LLC, was made a defendant in a suit filed January 30, 2008, in the Supreme Court of the State of New York, Bronx County, by Sylvia Peres, individually, and as mother and natural guardian of Maria Ramales.  Also named defendants therein were two (2) individuals, Louis Rinoso and Ethan Abend, alleged to be employed as superintendents of the property located at 2095 Creston Avenue, Bronx, New York.  The Complaint alleges that Ms. Ramales was a resident of Apartment 2G at the 2095 Creston Avenue apartment building from 2002, and was caused to sustain bodily injuries as a result of the ingestion of lead-based paint and dust from the interior of the apartment (hereinafter, the "Ramales Claim").

23.     On or about February 20, 2008, Defendants DYMI, PARKWAY, and CRESTON2095, LLC tendered the Ramales Claim under the Subject Insurance Policy, and requested that CHARTIS SPECIALTY defend and indemnify pursuant to the terms of the Subject Insurance Policy.

24.     Plaintiff CHARTIS SPECIALTY acknowledged receipt of the Ramales Claim, acknowledged the applicability of existence of coverage therefor, and agreed to provide defense and indemnity in connection therewith.  Plaintiff CHARTIS SPECIALTY also reminded Defendants DYMI, PARKWAY, AND CRESTON2095, LLC  that coverage under the policy was subject to a $25,000.00 deductible, inclusive of "defense costs, charges and expenses."

25.     Plaintiff CHARTIS SPECIALTY retained counsel to defend against the Ramales Claim, and has to date paid $42,926.18 in defense costs and expenses.  The Ramales Claim is still open.

26.     By the express terms of the Subject Insurance Policy, Defendants DYMI, PARKWAY, and CRESTON2095, LLC are presently obligated to pay, and do owe, the full deductible amount of $25,000.00.

27.     Plaintiff CHARTIS SPECIALTY has repeatedly notified Defendants DYMI, PARKWAY, and CRESTON2095, LLC, of the payments made within the deductible, and has repeatedly requested reimbursement of the $25,000 deductible amount, in accordance with the terms of the Subject Insurance Policy.  *See* Ex. A, at V., C.

28.     To date, Defendants have paid no portion of the deductible in connection with the Ramales Claim.

29.     By their failure to pay, *i.e.*, their failure to "promptly reimburse the Company for advancing any element of Loss falling within the Deductible," Ex. A, at V., C., Defendants DYMI, PARKWAY, and CRESTON2095, LLC have breached the contract, *i.e.*, the Subject Insurance Policy, and have damaged Plaintiff in the principal amount of $25,000.00, exclusive of related costs, charges, and interest.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

### Re: CLAIMS OF AILEEN BERDECIA

30.     Plaintiff CHARTIS SPECIALTY repeats, realleges, and incorporates herein all of the preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

254445.2                                           7

31.     Defendant CLAY1145, LLC was made a defendant in a suit filed in the Supreme Court of the State of New York, Bronx County, by Aileen Berdecia, on behalf of her son, Manuel Rivera.  The claim alleges that Manuel Rivera was exposed to lead paint and dust while a resident in Apartment 16 at 1145 Clay Avenue, Bronx, New York, from January 2005 and thereafter, and further claims personal injuries and damages as a result (hereinafter, the Berdecia Claim").

32.     Defendants DYMI, PARKWAY, and CLAY1145, LLC, tendered the Berdecia Claim under the Subject Insurance Policy, and requested that CHARTIS SPECIALTY defend and indemnify pursuant to the terms of the Subject Insurance Policy.

33.     Plaintiff CHARTIS SPECIALTY acknowledged receipt of the Berdecia Claim, acknowledged the applicability and existence of coverage therefor, and agreed to provide defense and indemnity in connection therewith.  Plaintiff CHARTIS SPECIALTY also reminded Defendants DYMI, PARKWAY, and CLAY1145, LLC that coverage under the policy was subject to a $25,000.00 deductible, inclusive of "defense costs, charges and expenses."

34.     Plaintiff CHARTIS SPECIALTY retained counsel to defend against the Berdecia Claim, and has to date paid $1,009.30 in defense costs and expenses.  The claimant, until recently, has failed to aggressively prosecute her claim; however, claimant has recently recommenced prosecution of such claim and Plaintiff, CHARTIS SPECIALTY, expects to incur further defense costs, charges and expenses going forward.

35.     By the express terms of the Insurance Policy, Defendants DYMI, PARKWAY, and CLAY145, LLC, are obligated to pay, and do presently owe, the amount of $1,009.30.

36.     Plaintiff CHARTIS SPECIALTY has repeatedly notified Defendants DYMI, PARKWAY, and CLAY1145, LLC of the foregoing payments made within the deductible, and

has repeatedly requested reimbursement of the amount expended thus far in connection with the Berdecia Claim (i.e., $1,009.30), in accordance with the terms of the Subject Insurance Policy. *See* Ex. A, at V., C.

37.    To date, Defendants have paid no portion of the deductible in connection with the Berdecia Claim.

38.    By their failure to pay, *i.e.*, their failure to "promptly reimburse the Company for advancing any element of Loss falling within the Deductible," Ex. A, at V., C., Defendants DYMI, PARKWAY and CLAY1145, LLC, have breached the contract, *i.e.*, the Subject Insurance Policy, and have damaged Plaintiff in the principal amount of $1,009.30, exclusive of related costs, charges, and interest.

## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
## Re: CLAIMS OF AMAIYA BROWN

39.    Plaintiff CHARTIS SPECIALTY repeats, realleges, and incorporates herein all of the preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

40.    Defendant MAPLE3, LLC was made a defendant in a suit filed in the Supreme Court of the State of New York, County of Kings, by Alexandra Pildere Brown, on behalf of Amaiya Brown.  Amaiya Brown was alleged to have resided in Apartment 5C of 356 Maple Street, Brooklyn, New York, from September 2003 through June 2006.  She alleged personal injuries from exposure to lead paint and lead paint dust (hereinafter, the "Brown Claim").

41.     Defendants DYMI, PARKWAY, and MAPLE3, LLC tendered the Brown Claim under the Subject Insurance Policy, and requested that CHARTIS SPECIALTY defend and indemnify pursuant to the terms of the Subject Insurance Policy.

42.     On or about June 1, 2006, Plaintiff CHARTIS SPECIALTY acknowledged receipt of the Brown Claim, acknowledged the applicability and existence of coverage therefor, and agreed to provide defense and indemnity in connection therewith.  Plaintiff CHARTIS SPECIALTY also reminded Defendants DYMI, PARKWAY, and MAPLE3, LLC that coverage under the policy was subject to a $25,000.00 deductible, inclusive of "defense costs, charges and expenses."

43.     Plaintiff CHARTIS SPECIALTY retained counsel to defend against the Brown Claim, and has to date paid $158,765.00 in defense costs, charges, and expenses.

44.     By the express terms of the Subject Insurance Policy, Defendants DYMI, PARKWAY, and MAPLE3, LLC are presently obligated to pay, and do owe, the full deductible amount of $25,000.00.

45.     Plaintiff CHARTIS SPECIALTY has repeatedly notified Defendants DYMI, PARKWAY, and MAPLE3, LLC, of the payments made within the deductible, and has repeatedly requested reimbursement of the $25,000 deductible amount, in accordance with the terms of the Subject Insurance Policy. *See* Ex. A, at V., C.

46.     To date, Defendants have paid no portion of the deductible in connection with the Brown Claim.

47.     By their failure to pay, *i.e.*, their failure to "promptly reimburse the Company for advancing any element of Loss falling within the Deductible," Ex. A, at V., C., Defendants DYMI, PARKWAY, and MAPLE3, LLC have breached the contract, *i.e.*, the Subject Insurance

Policy, and have damaged Plaintiff in the principal amount of $25,000.00, exclusive of related costs, charges, and interest.

## FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT

### Re: CLAIMS OF MIRKAELLE DARSEY MICHAUD

48.     On or about March 6, 2007, Defendant LEFFERTS750, LLC was made a defendant in a suit filed in the Supreme Court of the State of New York, County of Kings, by Naomie Michaud, on behalf of her daughter, Mirkaelle Darsey Michaud. Ms. Michaud alleged personal injuries as a result of exposure to lead paint and lead paint dust while a resident in Apartment F6 at 750 Lefferts Avenue, Brooklyn, New York, where the claimant alleged to have resided from April 2002 up to and including March 6, 2007 (hereinafter, the "Michaud Claim").

49.     Defendants DYMI, PARKWAY, and LEFFERTS750, LLC tendered the Michaud Claim under the Subject Insurance Policy, and requested that CHARTIS SPECIALTY defend and indemnify pursuant to the terms of the Subject Insurance Policy.

50.     On or about October 10, 2007, Plaintiff, CHARTIS SPECIALTY, acknowledged receipt of the Brown Claim, acknowledged the applicability and existence of coverage therefor, and agreed to provide defense and indemnity in connection therewith. Plaintiff CHARTIS SPECIALTY also reminded Defendants DYMI, PARKWAY, and LEFFERTS750, LLC that coverage under the policy was subject to a $25,000.00 deductible, inclusive of "defense costs, charges and expenses."

51.     Plaintiff CHARTIS SPECIALTY retained counsel to defend against the Michaud Claim, and has to date paid $221,524.06 in defense costs, charges, and expenses.

52. By the express terms of the Subject Insurance Policy, Defendants DYMI, PARKWAY, and LEFFERTS750, LLC are presently obligated to pay, and do owe, the full deductible amount of $25,000.00.

53. Plaintiff CHARTIS SPECIALTY has repeatedly notified Defendants DYMI, PARKWAY, and LEFFERTS750, LLC, of the payments made within the deductible, and has repeatedly requested reimbursement of the $25,000 deductible amount, in accordance with the terms of the Subject Insurance Policy. *See* Ex. A, at V., C.

54. To date, Defendants have paid no portion of the deductible in connection with the Michaud Claim.

55. As a result, Defendants, DYMI, PARKWAY and LEFFERTS750, LLC, are obligated to pay, and do owe, the amount of $25,000.00, due and owing to Plaintiff, CHARTIS SPECIALTY.

56. By their failure to pay, *i.e.*, their failure to "promptly reimburse the Company for advancing any element of Loss falling within the Deductible," Ex. A, at V., C., Defendants DYMI, PARKWAY, and LEFFERTS750, LLC have breached the contract, *i.e.*, the Subject Insurance Policy, and have damaged Plaintiff in the principal amount of $25,000.00, exclusive of related costs, charges, and interest.


## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff CHARTIS SPECIALTY prays for judgment against Defendants as follows:

(i). For compensatory damages in the principal amount of $76,009.30;

(ii). For pre-judgment interest on such sum at the legal rate, from the date of

Plaintiff's first payment on each associated claim;

(iii).    For costs of suit incurred herein; and

(iv).    For such other and further relief as the Court may deem just and proper.

Dated: January 18, 2011

Marc A. Rousseau, Esq. (MAR8018)
PINO & ASSOCIATES, LLP
Westchester Financial Center
50 Main Street, 16th Floor
White Plains, New York 10606
(914) 946-0600 (telephone)
(914) 946-0650 (facsimile)
Attorneys for Plaintiff
CHARTIS SPECIALTY INSURANCE
COMPANY (f/k/a AMERICAN
INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY)

TO:    DYMI REALTY CORPORATION
2304 Nostrand Avenue
Brooklyn, New York 11210

PARKWAY REALTY ASSOCIATES, LLC
1205 47th Street
Brooklyn, New York 11219

CRESTON2095, LLC
5014 16th Avenue
Brooklyn, New York 11204

CLAY1145, LLC
15 Mariner Way
Monsey, New York 10952

MAPLE3, LLC
5014 16th Avenue
Brooklyn, New York 11204

LEFFERTS750, LLC
862 53rd Street
Brooklyn, New York 11220